UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

CRIMINAL ACTION NO. 24-53-DLB

UNITED STATES OF AMERICA  PLAINTIFF

V.  **PLEA AGREEMENT**

CHRISTOPHER BRAUTIGAN  DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the Indictment. Count 1 charges a violation of 18 U.S.C. § 922(o) (possession and transfer of a machinegun); Count 2 charges a violation of 21 U.S.C. § 846 (attempted possession of cocaine with intent to distribute); and Count 3 charges a violation of 18 U.S.C. § 922(g)(3) (Unlawful drug user in possession of a firearm).

2. The essential elements of Count 1 are:

(a) That the Defendant possessed or transferred a machinegun; and

(b) That the Defendant knew, or was aware of, the essential characteristics of the firearm which made it a machinegun.

3. The essential elements of Count 2 are:

(a) That the Defendant intended to commit the crime of possession of cocaine, a Schedule II controlled substance, with the intent to distribute it; and

(b) That the Defendant voluntarily and intentionally carried out some overt act which was a substantial step toward possession of cocaine with intent to distribute it.

4. The essential elements of Count 3 are:

(a) That the Defendant knowingly possessed a firearm;

(b) At the time the Defendant possessed the firearm the Defendant was an unlawful user of a controlled substance or addicted to a controlled substance;

(c) That the Defendant knew he was an unlawful user of a controlled substance or addicted to a controlled substance; and

(d) That the firearm was shipped or transported in interstate or foreign commerce.

5. The United States could prove the following facts that establish the essential elements of the offenses beyond a reasonable doubt, and the Defendant admits these facts:

(a) Agents obtained and executed a search warrant on a residence in Boone County, Kentucky, on March 1, 2023. They seized a handgun and ammunition, numerous tablets of containing fentanyl, over one pound of marijuana, and 11 machinegun conversion devices (MCDs).

(b) The Bureau of Alcohol, Tobacco, Firearms, and Explosives tested and determined that the 11 MCDs qualify as machineguns since they are designed to convert a semi-automatic pistol to fully automatic operation. All of them were created after 1986.

(c) The occupants of the residence (SOI-1 and SOI-2) eventually cooperated and each independently identified the Defendant as the source of the MCDs. SOI-1 admitted selling marijuana to the Defendant regularly for more than one year and buying the MCDs from the Defendant a few months before the execution of the March 1, 2023 search warrant. The transaction occurred outside of the Defendant's residence in Kenton County, Kentucky. SOI-1 and SOI-2 also advised that the Defendant regularly sold controlled substances and agents located communications between SOI-1 and the Defendant through Facebook that confirmed as much.

(d) Agents obtained a search warrant for the Defendant's Facebook account and located numerous messages and photos sent by the Defendant discussing trafficking in illegal drugs, manufacturing firearms and MCDs, and selling those

manufactured firearms and MCDs. Messages discussing making and distributing MCDs began on or about March 2, 2022.

(e) Federal agents intercepted a package mailed to the Defendant at his Kenton County address on August 5, 2024. They obtained and executed a search warrant for the package and found that it contained approximately 14 grams of cocaine.

(f) Agents then obtained and executed a search warrant for the Defendant's residence on August 7, 2024. Agents located small amounts of various controlled substances, drug paraphernalia, sixteen firearms (including several manufactured from plastic filament), cellular phones, computer equipment, and 3-D printers.

(g) The Defendant waived his *Miranda* rights and admitted manufacturing MCDs and firearms using his 3-D printer and computer equipment. He specifically admitted distributing the 11 MCDs taken from SOI-1's residence in exchange for a quantity of marijuana in a transaction that occurred outside the Defendant's Kenton County residence. The Defendant also admitted that he used the dark web to order the package of cocaine intercepted on August 5, 2024 and that he planned to use some of it and sell some of it. He identified his source of supply for cocaine and indicated that he had obtained approximately an ounce and a half from the source in prior transactions and had sold some of the prior shipments of cocaine. He also admitted to obtaining and distributing marijuana in the months leading up to his arrest.

(h) The Defendant indicated that he was addicted to cocaine and unlawfully using cocaine during the time he possessed the seized firearms and that he was aware of this addiction and unlawful use of cocaine during this time. He admitted ownership of the seized firearms and to manufacturing multiple 3-D printed weapons. ATF has confirmed that at least one of the firearms listed in the Indictment has traveled in interstate commerce.

6. The maximum statutory punishment for Count 1 is 10 years imprisonment, a $250,000 fine, and 3 years supervised release. A mandatory special assessment of $100 applies to this Count.

7. The maximum statutory punishment for Count 2 is 20 years imprisonment, a $1,000,000 fine, and at least 3 years supervised release. A mandatory special assessment of $100 applies to this Count.

8. The maximum statutory punishment for Count 3 is 15 years imprisonment, a $250,000 fine, and 3 years supervised release. A mandatory special assessment of $100 applies to this Count.

9. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations as long as they are not inconsistent with this agreement. This recommendation does not bind the Court.

    (a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2024, manual, will determine the Defendant's guideline range.

    (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the conduct described in Paragraph 5 of this agreement.

    (c) Pursuant to U.S.S.G. § 3D1.2(c), Counts 1, 2, and 3 are grouped together because Counts 2 and 3 embody conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to Count 1.

    (d) Pursuant to U.S.S.G. § 3D1.3(a), the offense level applicable to the group is the offense level for Count 1 because it has the highest offense level.

    (e) Pursuant to U.S.S.G. § 2K2.1(a)(4)(B), the base offense level is 20 because the offense involved machinegun conversion devices and the Defendant was a prohibited person at the time of the commission of the offenses.

    (f) The United States will argue, pursuant to U.S.S.G. § 2K2.1(b)(1)(C), that the offense level should be increased by six levels because the offense involved 25-99 firearms. The Defendant is free to argue for a lesser enhancement.

(g) The United States will argue, pursuant to U.S.S.G. § 2K2.1(b)(5)(C)(i), to increase the offense level by five levels because the Defendant sold two or more firearms to an individual he knew intended to use the firearms unlawfully. The Defendant is free to argue against this enhancement.

(h) The United States will argue, pursuant to U.S.S.G. § 2K2.1(b)(6)(B), to increase the offense level by four levels because the Defendant possessed the firearms listed in the forfeiture allegation in connection with another felony offense (drug trafficking). The Defendant is free to argue against this enhancement.

(i) Pursuant to U.S.S.G. § 3E1.1, decrease the offense level by two levels for the Defendant's acceptance of responsibility. Since the offense level determined prior to this two-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by one additional level based on the Defendant's timely notice of intent to plead guilty. These reductions will not apply if the Defendant commits another crime, obstructs justice, violates this agreement, or violates a court order.

10. No agreement exists regarding the calculation of the Defendant's criminal history.

11. The Defendant will not seek a role reduction or file a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K. The Defendant reserves the right to argue for a variance below the applicable advisory sentencing guidelines range. The United States is free to oppose any requested variance.

12. The Defendant waives the right to appeal the guilty plea and conviction and any sentence within or below the advisory guideline range as finally determined by the Court. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence. In return, the United States agrees to recommend a sentence within the advisory guideline range as

finally determined by the Court, will recommend that the sentences for Counts 1, 2, and 3 run concurrently, and will not request a fine.

13. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment or seized during this investigation or a related investigation. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offense to which he is pleading guilty, as set forth in the forfeiture allegation of the Indictment. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he already has submitted. If the Defendant fails to surrender and forfeit the assets identified for forfeiture herein, he consents to the forfeiture of any other property of his, up to the amount of the value of the assets identified for forfeiture, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining

to notice and/or the timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

14. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The only exception to this is that the parties have agreed that the items designated by entries B7 and B15 in the Northern Kentucky Drug Strike Force Evidence Collection Log from the search of his residence will be returned after sentencing to a person designated by the Defendant. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

15. The Defendant waives all rights, whether asserted directly or by a representative, to request or to receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 522a.

16. The Defendant agrees to make a full and complete financial disclosure. The Defendant agrees to complete and sign a financial disclosure statement or affidavit

disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is incarcerated at any time in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

17. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available

to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

18. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

19. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. Neither defense counsel, nor the United States, have made any other promises to the Defendant.

20. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

21. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 2/6/25

By: _____
Anthony J. Bracke
Assistant United States Attorney

Date: 2-5-25

_____
Christopher Brautigan
Defendant

Date: 2-5-25

_____
Jeffrey W. Fichner
Attorney for Defendant